FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AMBER LYNN F.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 1:18-CV-03072-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 17. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F, and her application for Disability Insurance Benefits under Title II of the Act, 42 U.S.C. § 401-434. *See* Administrative Record ("AR") at 1-4. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 1

forth below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## I. JURISDICTION

Plaintiff filed her application for Disability Insurance Benefits on May 21, 2015, and her application for Supplemental Security Income benefits on May 5, 2016. AR 239, 311. In both applications, her alleged onset date of disability is January 12, 2015. AR 239, 312. Plaintiff's application was initially denied on September 2, 2015, AR 239, 321-22, and on reconsideration on October 28, 2011, AR 239.

A hearing with Administrative Law Judge ("ALJ") Jo Hoenninger occurred on July 6, 2017. AR 239, 277-310. On November 1, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 239-54. The Appeals Council denied Plaintiff's request for review on March 13, 2018, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner. *See* 20 C.F.R. § 404.981.

Plaintiff timely filed the present action challenging the denial of benefits, on May 5, 2018. ECF Nos. 1 and 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

//

//

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.  STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 44 years old on alleged disability onset date. AR 252, 312. She has at least a high school education. AR 252.

Plaintiff is able to communicate in English. *Id*. Plaintiff has past relevant work as a care provider, waitress/server, host, and cocktail waitress. AR 252.

## V. THE ALJ'S FINDINGS

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act at any time from January 12, 2015, the alleged onset date, through November 1, 2017, the date the ALJ issued her decision. AR 253.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 12, 2015, the alleged onset date (citing 20 C.F.R. § 416.971 *et seq*.). AR 241.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease; obesity; diabetes mellitus; mild reactive gastropathy and pulmonary hypertension (citing 20 C.F.R. § 416.920(c)). AR 242.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (citing 20 C.F.R. §§ 416. 920(d), 416.925 and 416.926). AR 243.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416. 967(b), with the following exceptions: she needs a sit or stand option; she can stand and walk for 30 minutes at one time, up to a total of six hours in an

eight-hour workday; she can sit for 45 minutes at one time, up to a total of six hours in an eight hour workday; she can occasionally climb ramps and stairs; she should not climb ladders, ropes and scaffolds; she can occasionally stoop, kneel, crouch and crawl; she should avoid all exposure to hazards such as unprotected heights and exposed moving mechanical parts. AR 244.

The ALJ determined that Plaintiff was unable to perform any past relevant work as a care provider, waitress/server, host, or cocktail server. AR 252.

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform. *Id*. These include, electronics worker, circuit board assembler, and dye attacher. AR 253.

## VI. ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues: (1) the ALJ erred by failing to provide clear and convincing reasons for rejecting Plaintiff's subjective complaints of pain and other limitations; (2) the ALJ erred by improperly rejecting the medical opinions from Plaintiff's treating medical providers; and (3) the Appeals Council erred by failing to consider the opinion of treating doctor Nathan Armending, D.O. ECF No. 13 at 1.

//

## VII. DISCUSSION

### A. The Appeals Council Erred by Failing to Consider Evidence that Relates to the Relevant Period at Issue.

Plaintiff argues that the Appeals Council erred by failing to consider the November 2017 opinion of treating doctor Nathan Armending that related back to the disability time period considered by the ALJ. ECF No. 13 at 18-20. Following the ALJ's determination finding Plaintiff ineligible for disability benefits, Plaintiff filed a request for review and submitted, for the first time, a medical opinion by Dr. Armending in conjunction with her request for review of the ALJ's decision. AR 1-5. The Commissioner argues the Appeals Council did not err because Plaintiff failed to show good cause for not seeking the opinion prior to the claim. ECF No. 17 at 18-19.

As noted above, the Appeals Council denied Plaintiff's request for review on March 13, 2018. AR 1-4. In denying Plaintiff's request for review, the Appeals Council stated:

> You submitted medical evidence from MCMC Medical Center dated January 5, 2017 through February 19, 2018 (161 Pages); Klickitat Valley Hospital dates January 2, 2018 through February 8, 2018 (66 Pages); and Nathan Armending, D.O. dates November 27, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 1, 2017.

AR 2.

While the Court may review the final decisions of the Commissioner of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 9**

Social Security, 42 U.S.C. § 405(g), the Court does "not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec. Admin,* 682 F.3d 1157, 1161 (9th Cir. 2012).

However, the Court reviews the administrative record, which "includes evidence submitted to and considered by the Appeals Council." *Id.* at 1162. "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Such evidence, when considered by the Appeals Council, "becomes part of the administrative record." *Brewes*, 682 F.3d at 1163. New evidence considered by the Appeals Council can negatively impact the ALJ's decision if, taking the new evidence into account, the ALJ's decision denying disability benefits is no longer supported by substantial evidence in the record. *See id*. at 1164.

In his opinion, Dr. Armending opined that Plaintiff's prognosis may improve with major life-style changes, however, if she does not change, she is likely to worsen over time. AR 111. The doctor further opined that a light duty/desk job should not cause her to worsen but that job with rigorous manual labor could cause her to worsen, AR 111; Plaintiff's fibromyalgia causes her severe pain, *Id*.; and that Plaintiff would have to lie down during the day, AR 110.

At the end of his report, Dr. Armending indicated that Plaintiff's "limitations specified in the report have existed since at least December 2016." AR 111.

This new evidence submitted by the Plaintiff on appeal potentially affects the remaining evidence of record, including the other medical opinion evidence, Plaintiff's subject complaint testimony, and the limiting effects of Plaintiff's impairment. *See Brewes*, 682 F.3d at 1164 (new evidence considered by the Appeals Council can negatively impact the ALJ's decision if, taking the new evidence into account, the ALJ's decision denying disability benefits is no longer supported by substantial evidence in the record).

This new medical opinion evidence, admitted into the record without any discussion by the Appeals Council, undermines the ALJ's determination regarding Plaintiff's postural limitations. Thus, it is error for Dr. Armending's opinion to not receive consideration. "[A] reviewing court cannot consider error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Further, "where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011)*.

Importantly, the Appeals Council specifically stated that Dr. Armending's opinion did not affect Plaintiff's disability decision because the evidence does not relate to the relevant time period. AR 2. However, December 2016 through the date of the ALJ's decision in November 2017 falls squarely within the relevant time period at issue in this case. AR 239. Thus, Plaintiff's failure to show good cause is not compelling—the Appeals Council could have stated that as one of its reasons for not reviewing the evidence, it did not. However, the extent of the effect of Dr. Armending's opinion is not immediately clear, thus, further administrative proceedings are necessary.

### B. Remand is the Appropriate Remedy.

As this new evidence can negatively impact the ALJ's decision and has not been properly considered, remand to the ALJ for further consideration is in order to allow the Commissioner to reconsider its decision in light of Plaintiff's additional medical opinion evidence. Upon remand, the ALJ will issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, reevaluate the medical opinion evidence, obtain supplemental evidence from a vocational expert, and re-evaluate the claimant's credibility. The ALJ shall recalculate the residual functional capacity, considering all impairments, and then evaluate, based on this updated

residual functional capacity, Plaintiff's ability to perform past relevant work, as well as work available in the national economy.

As the Court finds that remand for additional findings is appropriate, the Court need not address Plaintiff's additional allegations of error. *Taylor*, 659 F.3d at 1235 ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). Further, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to develop the record. *See* ECF No. 12.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the Commissioner's decision is not supported by substantial evidence and contains legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 13**

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 30th day of September, 2019.

<u>s/Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge